UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RIGOBERTO RODRIGUEZ-MACEDO,<br><br>                 Petitioner,<br>    v.<br><br>JASON BENNETT,<br><br>                 Respondent. | CASE NO. 2:24-cv-00963-RSL-DWC<br><br>SHOW CAUSE ORDER |

The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Rigoberto Rodriguez-Macedo, proceeding *pro se*, filed a motion to proceed *in forma pauperis* ("IFP") (Dkt. 1), a proposed federal habeas petition (Dkt. 1-1), and other proposed motions and requests (Dkts. 1-5, 1-8).

Upon review, it appears Petitioner has failed to exhaust in state court before filing the instant action. Therefore, the undersigned defers decision on the IFP motion and orders Petitioner to show cause on or before August 9, 2024, as to why his proposed petition should not be dismissed for failure to exhaust state court remedies.

SHOW CAUSE ORDER - 1

## I. Background

Petitioner is currently incarcerated at Stafford Creek Corrections Center, where he is serving a sentence of confinement arising out of his second-degree murder conviction entered in *State of Washington v. Rigoberto Rodriguez-Macedo*, Superior Court of Washington for King County Case No. 18-1-06885-8, *case information available at https://dja-prd-ecexap1.kingcounty.gov/?q=case* (last accessed July 9, 2024).

On February 27, 2024, Petitioner filed a separate habeas action seeking federal habeas relief on this same state court conviction and sentence. *See Rodriguez-Macedo v. Bennett*, Case No. 2:24-cv-0026-RSM (W.D. Wash.). Petitioner's sole ground for habeas relief in that action was for "unlawful seizure" in violation of the Fourteenth Amendment to the United States Constitution. *Id.* at Dkts. 1, 1-3. In March 2024, the Court ordered Petitioner to show cause why his action should not be dismissed for failure to exhaust state court remedies on his unlawful seizure claim. *Id.* at Dkt. 4. Petitioner did not respond to the Court's show cause order, nor did he file timely objections to the recommendation his action be dismissed for failure to exhaust. *Id.* at Dkts. 7, 8. On May 8, 2024, the Court adopted the report and recommendation and dismissed the action without prejudice for failure to exhaust. *Id.* at Dkts. 8, 9.

On June 21, 2024, Petitioner filed the instant action raising the same claim for federal habeas relief on his state-court conviction and sentence. *See* Dkts. 1, 1-1.

## II. Discussion

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Although Petitioner indicates he is filing a § 2241 petition

SHOW CAUSE ORDER - 2

and uses the standard form for such petitions, he is currently confined pursuant to a state court judgment of conviction. Dkt. 1-1; *State of Washington v. Rigoberto Rodriguez-Macedo*, Superior Court of Washington for King County Case No. 18-1-06885-8, *case information available at https://dja-prd-ecexap1.kingcounty.gov/?q=case* (last accessed July 9, 2024). Therefore, 28 U.S.C. § 2254 is the appropriate vehicle for challenging Petitioner's confinement, and his arguments to the contrary are unavailing.

To obtain federal habeas relief under § 2254, a petitioner must demonstrate that each of his claims has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)–(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). To provide the state courts with the requisite "opportunity" to consider his federal claims, a petitioner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review, before seeking federal habeas relief. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

The proposed petition makes clear that Petitioner has not previously raised his unlawful seizure claim in state court. Dkt. 1-1 at 2–3, 5 (answering "no" to inquires about prior appeals and representing that "this filing constitutes Appeal"). Thus, it appears Petitioner's only ground for relief is unexhausted and ineligible for federal habeas review at this time.

**III. Instructions to Petitioner**

Petitioner is ordered to show cause on or before August 9, 2024, why his proposed petition should not be dismissed for failure to exhaust state court remedies. Petitioner should not

SHOW CAUSE ORDER - 3

attempt to show cause pursuant to 28 U.S.C. § 2241, as any attempt to show cause on that basis is unlikely to be successful. Petitioner is advised he may instead choose to file a notice of voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure before the deadline to show cause. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (permitting dismissal of civil cases without prejudice and without a court order when notice of voluntary dismissal is filed before an opposing party has served their answer).

Finally, the Court defers ruling on Petitioner's IFP motion until after the show cause deadline; as such, the Clerk of Court is directed to note the IFP motion (Dkt. 1) for consideration on August 9, 2024.

Dated this 10th day of July, 2024.

David W. Christel
United States Magistrate Judge
SHOW CAUSE ORDER - 4