1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

RIGOBERTO RODRIGUEZ-MACEDO,

11

Petitioner,

v.

12

JASON BENNETT,

13

Respondent.

14

CASE NO. 2:24-cv-00963-RSL-DWC

REPORT AND RECOMMENDATION

Noting Date: August 28, 2024

15       The District Court has referred this federal habeas action to United States Magistrate

16   Judge David W. Christel. Petitioner Rigoberto Rodriguez-Macedo, proceeding *pro se*, initiated

17   this action by filing a motion to proceed *in forma pauperis* ("IFP") (Dkt. 1), a proposed federal

18   habeas petition (Dkt. 1-1), and other proposed motions and requests (Dkts. 1-5, 1-8). Following

19   an initial screen of the proposed petition, Petitioner was ordered to show cause why this action

20   should not be dismissed for failure to exhaust. Dkt. 4. The show cause deadline has now elapsed

21   with nothing filed by Petitioner. As such, the undersigned recommends this action be dismissed

22   without prejudice for failure to exhaust.

23
24

REPORT AND RECOMMENDATION - 1

## I. DISCUSSION

Petitioner is currently incarcerated at Stafford Creek Corrections Center, where he is serving a sentence of confinement arising out of his second-degree murder conviction entered in *State of Washington v. Rigoberto Rodriguez-Macedo*, Superior Court of Washington for King County Case No. 18-1-06885-8, *case information available at https://dja-prdecexap1.kingcounty.gov/?q=case* (last accessed July 9, 2024). Before filing the instant action Petitioner filed a habeas action in this court seeking federal habeas relief of his second-degree murder conviction and sentence in which he asserted an "unlawful seizure" claim in violation of the Fourteenth Amendment to the United States Constitution. *See Rodriguez-Macedo v. Bennett*, Case No. 2:24-cv-0026-RSM (W.D. Wash.). On May 8, 2024, the Court dismissed that action without prejudice for failure to exhaust. *Id.*

Shortly thereafter, Petitioner filed the instant action raising the same claim for federal habeas relief on his state-court conviction and sentence. See Dkts. 1, 1-1. On July 10, 2024, the Court performed an initial review of his proposed petition. Dkt. 4. As part of that review, the Court noted that, although styled as one filed under 28 U.S.C. § 2241, the proposed petition must be construed as one filed under 28 U.S.C. § 2254, which is the sole mechanism for obtaining federal habeas relief by those confined on state court convictions. *Id.* at 2–3. Much like in his prior habeas action, the proposed petition in this case indicated Petitioner did not exhaust available state court remedies before seeking federal habeas relief. *Id.* at 3 (citing Dkt. 1-1 at 2–3, 5 (answering "no" to inquiries about prior appeals and representing that "this filing constitutes Appeal")).

As such, the Court ordered Petitioner to show cause on or before August 9, 2024, why his proposed petition should not be dismissed for failure to exhaust in accord with 28 U.S.C.

§ 2254(b)–(c). *Id*. at 4. The deadline to show cause has now elapsed with no response received from Petitioner. For that reason and for the reasons outlined in the order to show cause, this action should be dismissed.

## II.   CONCLUSION

As set forth above, the undersigned recommends this action be dismissed without prejudice for failure to exhaust state court remedies in accord with 28 U.S.C. § 2254(b)–(c). It is further recommended Petitioner's IFP motion (Dkt. 1) and all other pending motions and requests (Dkts. 1-5, 1-8) be denied as moot and that a certificate of appealability be denied in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 28, 2024, as noted in the caption.

Dated this 13th day of August, 2024.

David W. Christel
United States Magistrate Judge