UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RIGOBERTO RODRIGUEZ-MACEDO,

            Petitioner,

    v.

JASON BENNETT,

            Respondent.

CASE NO. 2:24-cv-00963-RSL

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

      This matter comes before the Court on petitioner's "Motion for Relief from Judgment." Dkt. # 8. The petition, although purportedly brought under 28 U.S.C. § 2241, was construed as a petition under 28 U.S.C. § 2254, which is the only mechanism for obtaining federal habeas relief by those, like petitioner, who are confined on a state court conviction. Petitioner was given an opportunity to show cause why his claims should not be dismissed for failure to exhaust available state court remedies before seeking federal habeas relief, Dkt. # 4, but failed to respond. Upon review of the Report and Recommendation of Magistrate Judge David W. Christel and the remainder of the record, the petition was dismissed without prejudice for failure to exhaust on September 17, 2024. Dkt. # 6. A certificate of appealability was denied, and judgment was entered that same day. Dkt. # 6 and 7.

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 1

In his motion for relief from judgment, petitioner asserts the following arguments:

(1) There was a procedural defect in the procurement of the judgment.

> No defect is identified, and the Court is not aware of any defect in the *in forma pauperis* review, the order to show cause, the Report and Recommendation, the Court's review thereof, or the Clerk's entry of judgment.

(2) The Court failed to conduct a *de novo* review of why petitioner was not served with docket entries 1-5.

> The Court conducted a *de novo* review of Report and Recommendation and the remainder of the record. Service on petitioner of all public docket entries was accomplished through the Department of Corrections inmate email, docscccinmatefederal@DOC1.WA.GOV, and petitioner had not identified an irregularity in that service or affirmatively stated that service was ineffective.

(3) The Court failed to apply Supreme Court precedent when determining his Fourth Amendment claim.

> Neither Magistrate Judge Christel nor the undersigned considered the merits of the petition given that the claims were procedurally barred at this time.

(4) Petitioner is entitled to a certificate of appealability.

> To obtain a certificate of appealability, a habeas petitioner must make a substantial showing of the denial of a constitutional right. "Obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). Rather, he must demonstrate that the resolution of the habeas petition is debatable among reasonable jurists or that the issues presented were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*,

529 U.S. 473, 483-84 (2000). Where a petition is dismissed on procedural grounds, the Court must determine whether "jurists of reason" would debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the district court's procedural ruling was correct. *Slack*, 529 U.S. at 484. The Court has already found that that the dismissal of the petition for failure to exhaust is not debatable among reasonable jurists on the current record. Petitioner offers no reason to reconsider that finding.

For all of the foregoing reasons, petitioner's motion for relief from judgment is DENIED.

Dated this 27th day of September, 2024.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 3