UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RIGOBERTO RODRIGUEZ-MACEDO,<br><br>               Petitioner,<br>     v.<br><br>JASON BENNETT,<br><br>               Respondent. | CASE NO. 2:24-cv-00963-RSL<br><br>ORDER DENYING THIRD, FOURTH, AND FIFTH MOTIONS FOR RELIEF FROM JUDGMENT |

This matter comes before the Court on petitioner's third, fourth, and fifth motions for relief from judgment. Dkt. # 18, 23, and 25. The original petition for habeas relief was brought under 28 U.S.C. § 2241 but construed as a petition under 28 U.S.C. § 2254 because petitioner is confined on a state court conviction. Petitioner was given an opportunity to show cause why his claims should not be dismissed for failure to exhaust available state court remedies before seeking federal habeas relief, Dkt. # 4, but failed to respond. Upon review of the Report and Recommendation of Magistrate Judge David W. Christel and the remainder of the record, the petition was dismissed without prejudice for failure to exhaust on September 17, 2024. Dkt. # 6. A certificate of appealability was denied, and judgment was entered that same day. Dkt. # 6 and 7.

ORDER DENYING THIRD, FOURTH, AND FIFTH
MOTIONS FOR RELIEF FROM JUDGMENT - 1

In his various motions for relief from judgment, petitioner asserts many of the same arguments raised in his first and second motions for relief, including:

(1) There was a procedural defect in the procurement of the judgment (Dkt. # 18, # 23, and # 25).

> No defect is identified, and the Court is not aware of any defect in the *in forma pauperis* review, the order to show cause, the Report and Recommendation, the Court's review thereof, or the Clerk's entry of judgment.

(2) The Court failed to apply Supreme Court precedent when determining petitioner's Fourth Amendment claim (Dkt. # 18, # 23, and # 25).

> Neither Magistrate Judge Christel nor the undersigned considered the merits of the petition given that the claims were procedurally barred at this time.

(3) Petitioner is entitled to a certificate of appealability (Dkt. # 18, # 23, and # 25).

> To obtain a certificate of appealability, a habeas petitioner must make a substantial showing of the denial of a constitutional right. "Obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). Rather, he must demonstrate that the resolution of the habeas petition is debatable among reasonable jurists or that the issues presented were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Where a petition is dismissed on procedural

grounds, the Court must determine whether "jurists of reason" would debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the district court's procedural ruling was correct. *Slack*, 529 U.S. at 484. The Court has already found that that the dismissal of the petition for failure to exhaust is not debatable among reasonable jurists on the current record. Petitioner offers no reason to reconsider that finding.

In addition, petitioner argues that:

(4) The Court failed to conduct a *de novo* review of petitioner's motion for a *Brady* order (Dkt. # 18) and motion for an evidentiary hearing (Dkt. # 23).

The motions to which petitioner refers were apparently mailed to, and rejected by, the Issaquah District Court. Dkt. # 1-4 at ¶¶ 2-3. Petitioner requested that this Court take judicial notice of the motions, Dkt. # 1-8, but they in no way satisfy petitioner's burden of showing that his claims have been properly exhausted in state court. Providing state courts with the requisite "opportunity" to consider his federal claims means that petitioner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review, before seeking federal habeas relief. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Petitioner acknowledged in his petition that he did not appeal his unlawful seizure claim in state court. Dkt. 1-1 at 2–

3, 5. Thus, even if judicial notice of unfiled documents sent to the Issaquah District Court were appropriate, petitioner's only ground for relief is unexhausted and ineligible for federal habeas review at this time.

(5) The Court failed to conduct a *de novo* review of petitioner's objections to the Report and Recommendation (Dkt. # 25).

>Petitioner neither responded to the Order to Show Cause nor objected to the Report and Recommendation.

(6) The Court erred in recharacterizing the § 2241 petition as a petition under § 2254 (Dkt. # 25).

>The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (*en banc*). Petitioner is currently confined pursuant to a state court judgment of conviction. Dkt. 1-1; *State of Washington v. Rigoberto Rodriguez-Macedo*, Superior Court of Washington for King County Case No. 18-1-06885-8, case information available at https://dja-prd-ecexap1.kingcounty.gov/?q=case (last accessed July 9, 2024). There was no error in reviewing his petition under 28 U.S.C. § 2254.

ORDER DENYING THIRD, FOURTH, AND FIFTH
MOTIONS FOR RELIEF FROM JUDGMENT - 4

For all of the foregoing reasons, petitioner's third, fourth, and fifth motions for relief from judgment are DENIED. This matter is now before the Ninth Circuit. No further relief is available in this venue.

DATED this  29th  day of October, 2024.

> Robert S. Lasnik
> United States District Judge